# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10 CR 62

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| PAUL JEREMIAS, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

THIS MATTER came on to be heard pursuant to a motion filed by Christopher M. Craig, Attorney at Law of Asheville, North Carolina entitled "Motion To Quash Subpoena or, Alternatively, Objections to Subpoena Pursuant to N.C.G.S. § 50-77" (#20). A subpoena had been issued by defendant subpoenaing Mr. Craig to present himself to testify at a hearing that the undersigned was conducting, pursuant to a Motion to Suppress (#16) filed by defendant. In the Motion to Suppress, defendant was requesting that the court suppress the evidence of a private search of defendant's computer media, a consent search of defendant's home and a search of other computer media that was delivered by defendant to the investigating officers in the matter. After hearing arguments of Mr. Craig and arguments of counsel for defendant and the government, the undersigned orally denied the Motion to Quash and struck the objection and directed that Mr. Craig comply with the subpoena.

**Findings.** In the Motion to Quash, Mr. Craig contends that the North Carolina State Rules of Evidence and N.C.G.S. § 50-77 preclude Mr. Craig from testifying in the Motion to Suppress. Mr. Craig advised the undersigned that he had been retained by defendant to represent him in a "collaborative law" proceeding as set forth under N.C.G.S. § 50-70 and that pursuant to N.C.G.S. § 50-77 Mr. Craig was precluded from testifying at the suppression hearing in this federal criminal case. N.C.G.S. § 50-77 provides as follows:

> **50-77. Privileged and inadmissible evidence.**
>
> (a) All statements, communications, and work product made or arising from a collaborative law procedure are confidential and are inadmissible in any court proceeding. Work product includes any written or verbal communications or analysis of any third-party experts used in the collaborative law procedure.
>
> (b) All communications and work product of any attorney or third-party expert hired for purposes of participating in a collaborative law procedure shall be privilege and inadmissible in any court proceeding, except by agreement of the parties. (2003-371, s. 1.)

The undersigned found, however, that Mr. Craig's arguments are foreclosed by the decision of the Fourth Circuit in United States v. Clyburn, 24 F.3d 613 (4th Cir. 1994). As the court explained in Clyburn, the Fourth Amendment, not state rules or state law governs the admissibility of evidence used in a federal prosecution. United States v. Clenney, 631 F.3d 658, 667 (4th Cir. 2011); United States v. Van Metre, 150 F.3d 339, 347 (4th Cir. 1998). While the state statutes have great bearing in state

proceedings, the state statutes do not have any bearing in this matter. As a result, the undersigned directed Mr. Craig to testify as directed by the subpoena and denied the Motion to Quash or the Objections to Subpoena.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the "Motion To Quash Subpoena or Alternatively, Objections to Subpoena Pursuant to N.C.G.S. 50-77" (#20) is hereby **DENIED**.

Signed: June 15, 2011

Dennis L. Howell
United States Magistrate Judge